GEORGE V. GRAINGER, as Trustee under the Will of NANETTE WEBER, Deceased, Appellant and Respondent, *v.* HEDWIG ENGEL et al., Defendants, and THE CHASE NATIONAL BANK OF THE CITY OF NEW YORK, as Trustee, et al., Respondents and Appellants.

(Submitted May 25, 1934; decided July 3, 1934.)

*George V. Grainger,* in person, for plaintiff, appellant and respondent.

*Harrison Tweed, Howell D. Boyd* and *Wilber Stammler* for the Chase National Bank of the City of New York, defendant, respondent and appellant.

*Harold Pomerantz* for Ottilie H. Lohmann, defendant, respondent.

CRANE, J. Nanette Weber died in November, 1911, leaving a will in which after making a few money bequests provided in the eighth paragraph as follows:

" *Eighth.* I give, devise and bequeath to my friends, William Engel, Harry E. Simmons and Lewis S. Goebel, Jr., my house and lot of land No. 189 Bedford Avenue, Borough of Brooklyn, City of New York, IN TRUST, nevertheless to take charge of the same, collect the rents, issues and profits thereof, and out of the same to pay all interest on mortgages, taxes, assessments, insurance premiums, water rates and all such sums as may be necessary to keep the buildings in proper condition and repair, and such sums as may become necessary to comply with any and all orders of the Tenement House Department, Building Department, or any other Municipal Departments of the City of New York, in respect to any of the buildings and upon the FURTHER TRUST to pay to my sister Henrietta Brenner

nee Seybold of Cannstatt, Wurtemberg, a yearly annuity of two thousand (2,000) marks, payable in four instalments of five hundred (500,) marks each, in January, April, July and October in each year, and to be sent to her by United States Money Order. And upon the FURTHER TRUST immediately after the death of my said sister to pay over the whole of the said net income, rents, issues and profits to my daughter Emily Laura Hoffbauer monthly during the minority of her daughter Ottilie Hoffbauer. And immediately after the said Ottilie Hoffbauer shall arrive at the age of twenty-one years to convey the said house and lot of land to my said daughter Emily Laura Hoffbauer and her daughter Otillie Hoffbauer in equal shares. Should either of them be deceased at the time of my death or before the final division of my estate then the share which would have gone to the one so being deceased if living shall go to the survivor of them."

The trustees named in this paragraph have been succeeded by the plaintiff, who has taken possession of the trust property and is exercising all the duties and functions pertaining to that position.

When this will was executed Henrietta Brenner, the beneficiary, was sixty-four years of age, and the granddaughter Ottilie was aged six years. Now Ottilie has arrived of age and Henrietta Brenner, the grand aunt, is still living.

In our interpretation of this will the testatrix appointed trustees to take title to and possession of 189 Bedford avenue, Brooklyn, N. Y., to collect the rents thereof and out of them to pay to her sister Henrietta Brenner a yearly annuity of two thousand. marks, payable in four installments of five hundred marks each in January, April, July and October in each year and to be sent to her by United States money order. This trust and trust duty continues during the lifetime of Henrietta; it does not terminate upon the maturity of the granddaughter Ottilie.

This is the one question apparently which was litigated in this action. The defendants claimed below and still maintain that when Ottilie arrived at twenty-one the trust terminated and the title vested in Emily Laura Hoffbauer and her daughter Ottilie charged, however, with the payment to Henrietta of her yearly annuity. The testatrix did not so state; on the contrary, she declared it to be her intention that the trustees she named were to take the property, collect the rents and pay her sister therefrom until Henrietta died. We see no justification for changing this plain provision. The sentence in the eighth paragraph beginning, "And immediately after the said Ottilie Hoffbauer shall arrive at the age of twenty-one years to convey," etc., must be read in connection with the other portions of the paragraph. It is evident, considering the age of Henrietta at the time the will was made, sixty-four, and the age of Ottilie, six, that the testatrix expected in the usual course of events that by the time the granddaughter became twenty-one, Henrietta would have passed away. Such, however, is not the case, but the unexpected cannot change the will. When Henrietta does die, the title will pass to the mother and daughter by the termination of the trust.

The only remaining question before us is the nature of the action which the plaintiff has brought. Emily Laura Hoffbauer, the daughter of the testatrix, has mortgaged her interest in the estate, which mortgage has passed to the Chase National Bank of the City of New York. The latter, as defendant here, immediately took the position which it now maintains that the trust terminated when Ottilie reached twenty-one and that title to 189 Bedford avenue is now in Emily. For this reason the substituted trustee brought this action to settle his title and duties. Was he through or did he continue as trustee?

After alleging all the facts the plaintiff in his prayer for relief asked that it be adjudged that the mortgage did not affect the rights and interests of the trustee nor his

interests in 189 Bedford avenue and that those rights remain as if the mortgage had not been made. He somewhat complicated the situation by asking that the Register of Kings county be directed to mark the records as not affecting his interests or title in the said property. The trial judge as well as all parties treated this action as one asking for a declaratory judgment for a construction of the will and a determination of the respective rights of the plaintiff and the mortgage assignee. The answer of the Chase National Bank stated in the thirteenth paragraph that the will would have to be construed by the court and in the fifteenth paragraph set forth the construction which it claimed to be the right one, viz., that when Ottilie Hoffbauer attained twenty-one, title vested immediately in Emily Laura Hoffbauer and Ottilie Hoffbauer, share and share alike as tenants in common. Also by this defendant's proposed finding of fact it asked the court to find in accordance with this allegation in the fifteenth paragraph of its answer.

Thus it is clear that the action was brought for a declaratory judgment, was considered such by all the parties and was submitted to the court for its construction of the will. Accordingly the judgment of the trial court was as follows:

" JUDGMENT.

\*          \*          \*          \*          \*          \*          \*

" Ordered, adjudged and decreed, that the directions to the Trustees to convey after Ottilie Hoffbauer Lohmann (formerly Ottilie Hoffbauer) shall have arrived at the age of twenty-one years, imports futurity not only with respect to the payment of income but also with respect to the devise over, and that the rights and interests of Emily L. Hoffbauer and Ottilie Hoffbauer Lohmann (formerly Ottilie Hoffbauer) under paragraph 8th of the Last Will and Testament of Nanette Weber, deceased, were and are contingent and survivorship at the time of the death of Henrietta Brenner is an essential condition

to the vesting of the corpus or principal of such Trust Estate, * * *."

The Appellate Division considered the suit as an attack upon the validity of the mortgage and as if the plaintiff had asked to have it declared void for any purpose. The memorandum opinion states that the mortgage is good whether the interest of Emily be vested or contingent, as even a contingent interest in real estate may be mortgaged; the mortgage was, therefore, no concern of the plaintiff and his action to have it canceled as a cloud upon his title must be dismissed. No one questioned Emily's right to mortgage her interest even it it were contingent; what all the parties went into court for was to have the will construed and get a decision as to whether Emily's interest *was* vested or contingent, whether the trustee's title continued until Henrietta's death, at which time it would be conveyed to and vest in mother and daughter or the survivor. This the court determined at the specific request of the parties, as above stated. We think the Appellate Division was mistaken as to the nature and purpose of the action.

The parties have stipulated to waive costs in this court and to bear equally the printing disbursements. We adopt and abide by their agreement.

The judgment of the Appellate Division should be reversed and that of the Special Term affirmed, without costs.

POUND, Ch. J., LEHMAN, O'BRIEN, CROUCH and LOUGHRAN, JJ., concur; HUBBS, J., not sitting.

Judgment accordingly.